UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| ROBERTO FIORE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 3: 09-34-DCR |
| | ) |
| V. | ) |
| | ) |
| SOUTHERN POVERTY LAW CENTER, INC., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| | ) |
| Defendant. | ) |

*** *** *** ***

Plaintiff Roberto Fiore filed this action against Defendant Southern Poverty Law Center, Inc., on July 21, 2009, in the Franklin Circuit Court. [Record No. 1; attached Complaint] Fiore claims that he was defamed by the Defendant's publications which he contends were released in the fall of 2008 and dates "prior to and thereafter." [*Id.*] The Southern Poverty Law Center timely removed the action to this Court on August 17, 2009. The matter is now pending for consideration of the Defendant's motion to dismiss Fiore's Complaint. [Record No. 2][1]

Having considered the Defendant's arguments, the Court concludes that personal jurisdiction is lacking and that this action should be dismissed. Accordingly, Southern Poverty Law Center's motion will be granted.

---

[1] The Defendant's motion to dismiss was filed August 17, 2009. Under the Local Rules, a party may file a response within fifteen days (plus an additional three days for service). *See* LR 7.1(c). The Plaintiff has neither filed a response nor requested an extension of time to do so. Therefore, the Court has considered the Defendant's motion without the benefit of a response.

## I.   The Plaintiff's Allegations

Plaintiff Fiore asserts that he is a citizen of the Republic of Italy and that the Southern Poverty Law Center is an Alabama corporation. He states in his Complaint that,

> 2.   . . . [SPLC] publishes on the internet, and in hard copy, a document styled "Intelligence Project" or "Intelligence Report."  Said publication having been made and released in "Fall 2008" and on other dates prior to and thereafter.
>
> 3.   It is believed that said report published defamatory statements about Fiore.
>
> 4.   Said statements going from "Winter 2000" through "Fall 2008" include but are not limited to statements:
>
>> a) that Fiore had some role and responsibility for the Bologna, Italy train station bombing.
>>
>> b) that Fiore served nine years in prison for his responsibility in said bombing;
>>
>> c) that Fiore is a terrorist;
>>
>> d) that, specifically, "Fiore served nine years in prison for his role in the deadly 1980 bombing of a Bologna train station."

[Record No. 1; Complaint] While Fiore further alleges that the statements were false, defamatory and damaged his reputation, he does not contend that they were published in Kentucky or that the Southern Poverty Law Center has any connection with or activities in this Commonwealth.

## II.   SPLC's Contacts With Kentucky

Defendant Southern Poverty Law Center has moved the Court to dismiss this action because none of the conduct at issue occurred in Kentucky. Further, it asserts that none of the injuries claimed by Fiore were suffered in Kentucky. Thus, under Kentucky's long-arm statute, KRS 452.210, the action should be dismissed for lack of personal jurisdiction over the

Defendant. [Record No. 2] The Defendant's motion is supported by the affidavit of Teenie Hutchinson, the Secretary to the Board of Directors for the Southern Poverty Law Center. In her capacity as Secretary to the Board, Ms. Hutchinson is able to testify that SPLC: 1) is incorporated under the laws of the state of Alabama, with its principal office and place of business located in Montgomery, Alabama; 2) does not have any offices or employees in Kentucky at times relevant to this action; 3) does not pay taxes, own real estate, have corporate bank accounts or hold tangible or intangible property in Kentucky; 4) does not own or publish newspapers or other publications in Kentucky; 5) does not operate a newsgathering bureau in Kentucky; and 6) does not regularly conduct business in or derive substantial revenue from good or services in Kentucky. [*Id.*; Hutchinson Affidavit]

With respect to its publications (including the publications which the Plaintiff claims contain defamatory statements), Ms. Hutchinson states that SPLC prepares and edits the *Intelligence Report* at its offices in Montgomery, Alabama. The report is then printed in Georgia and circulated by mail from that location.[2] Additionally, the SPLC operates an internet website with servers located in San Antonio, Texas. IT personnel who maintain the website are located in Montgomery, Alabama. The contents of the website are posted from SPLC's Montgomery offices. According to Hutchinson:

> [t]he website is largely passive. SPLC's articles and publications are posted to its website for internet visitors to read. . . . The website has some limited user interactivity. Specifically, the website allows viewers to provide personal information, ask questions, and make charitable donations. The website does not directly target or solicit viewers from Kentucky.

---

[2]  The *Intelligence Report* is a free magazine distributed quarterly on subjects chosen by SPLC. [*See* Record No. 2, p. 3.]

[*Id.*]

### III. Analysis

Kentucky's long-arm statute provides, in relevant part, that a court may exercise personal jurisdiction over a non-resident corporation in certain enumerated circumstances. The circumstances include:

1. Transacting any business in this Commonwealth;

2. Contracting to supply services or goods in this Commonwealth;

3. Causing tortious injury by an act or omission in this Commonwealth;

4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if . . . [it] regularly does or solicits business, or engages in an other persistent course of conduct , or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth;

KRS § 454.210(2)(a)1.-4.[3] As SPLC correctly notes, the long-arm statute is the starting point in determining whether personal jurisdiction exists. *Auto Channel v. Speedvision Network*, 995 F. Supp. 761, 762-64 (W.D. Ky. 1997).

Under the facts presented, KRS § 454.210(2)(a) 4. is the only prong of the statute which could apply here. However, SPLC's actions have not been alleged to have caused Fiore tortious injury in Kentucky. Further, his alleged injury does not arise out of SPLC's doing or soliciting

---

[3] Kentucky's long-arm statute, KRS § 454.210, has been held to be co-extensive with the limits of due process. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1273 (6th Cir. 1998); *World-wide, Inc. v. Pinnacle Equip., Inc.*, 280 F.Supp.2d 641 (W.D. Ky. 2003); *In re Air Crash Disaster*, 660 F.Supp. 1202 (W.D. Ky. 1987).


business in Kentucky or from a persistent course of conduct in Kentucky. Likewise, there is no evidence that SPLC derives substantial revenue from any activities in Kentucky. Under these circumstances, the necessary connections with the Commonwealth have not been satisfied. *Pierce v. Sefarin*, 787 S.W.2d 705, 707 (Ky. App. 1990) ("Kentucky has elected to assume personal jurisdiction over a non-resident tort-feasor whose activities outside the state result in injury in this state only if that tort-feasor regularly does or solicits business within the state or has other substantial connections to the Commonwealth.")[4]

Next, the minimum contacts necessary to satisfy due process are not met here. *International Shoe v. Washington*, 326 U.S. 310, 316 (1945); *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968); *International Technologies Consultants, Inc. v. Euroglas S.A.*, 107 F.3d 386, 395 (6th Cir. 1997). To satisfy due process, a defendant must 1) purposefully avail itself of the privilege of acting in the forum state or causing a consequence in that state; 2) the cause of action must arise from the defendant's activities there; and 3) the acts of the defendant or the consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Southern Machine*, 401 F.2d at 381. None of the three prerequisites has been demonstrated in this case.

---

[4] SPLC also argues that Kentucky's venue statute for defamation actions cannot be met here. Under this statute, such an action may only be brought "in the county in which the plaintiff resides," "the county in which the newspaper or publication is printed or published" or "the county in which the transaction or act or declaration to which the publication relates is stated or purported to have been done or taken place." KRS § 452.460(1). While this may be true, the Court does not find it necessary to address this alternate argument.

The Court cannot conclude that SPLC purposefully availed itself of the privilege of acting in Kentucky. To satisfy this element, the Defendant's contacts with the forum must proximately result from actions by the Defendant that create a substantial connection with the forum. *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985). In the present case, SPLC did nothing to avail itself of Kentucky law by writing one or more articles in Alabama about an Italian citizen's conduct occurring in Italy. Under these circumstances, SPLC could not reasonably anticipate being haled into court in this Commonwealth. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). The ability to view a website or media report in Kentucky does not alter this conclusion. *See Auto Channel v. Speedvision Network*, 995 F.Supp. 761, 765 (W.D. Ky. 1997) (a passive website that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction; citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.* 952 F.Supp. 1119, 1124 (W.D. Pa. 1997)); and *Booth v. Verity, Inc.*, 124 F.Supp.2d 452, 459 (W.D. Ky. 2000) (same).

The Court also agrees with SPLC's argument that Fiore's cause of action does not arise from any contact with Kentucky. Simply put, there is no causal link between his defamation claim and SPLC's contacts with Kentucky. *Spectrum Scan v. AGM California*, 519 F.Supp.2d 665, 661 (W.D. Ky. 2007). And finally, it would be fundamentally unfair for this Court to assert jurisdiction over SPLC. Exercise of jurisdiction over SPLC would not comport with traditional notions of fair play and substantial justice. *Asahi Metal Indus. v. Superior Court*, 480 U.S. 102, 113 (1987).

**IV.    Conclusion**

The Defendant does not have contacts with Kentucky sufficient to satisfy the Kentucky long-arm statute or the requirements of due process. Accordingly, it is hereby

**ORDERED** as follows:

1. The Defendant's motion to dismiss [Record No. 2] is **GRANTED**.

2. This action is **DISMISSED**, without prejudice, and **STRICKEN** from the Court's docket.

This 10th day of September, 2009.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge