UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| ROBERTO FIORE, | ) |
| Plaintiff, | ) Civil Action No. 3: 09-34-DCR |
| V. | ) |
| SOUTHERN POVERTY LAW CENTER, INC., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On September 10, 2009, this action was dismissed on jurisdictional grounds. [Record No. 6] In relevant part, the Court concluded that Defendant Southern Poverty Law Center, Inc. ("SPLC"), does not have sufficient contacts with Kentucky to satisfy the applicable long-arm statute or the requirements of due process. The following day, Plaintiff Roberto Fiore moved the Court for relief under Rule 60(b)(1) of the Federal Rules of Civil Procedure. Having considered the Plaintiff's motion, the Court will deny the relief requested.

**I.**

In support of his current motion, Fiore claims that he failed to respond to the Defendant's motion to dismiss because he had provided an improper address to the Defendant's counsel. [Record No. 7] In its response, SPLC points out that an attorney's failure to check his or her mail does not constitute excusable neglect under Rule 60(b)(1). [Record No. 10] Additionally, SPLC notes that, despite moving for relief from the Court's order of dismissal,

Fiore "has offered nothing to show that dismissal for lack of personal jurisdiction was unwarranted."

With respect to the address provided to SPLC, the Defendant correctly states that Plaintiff's counsel listed the subject address as his address on the Complaint filed in state court. Further, this is also the address listed on letterhead dated June 19, 2009, which contains a demand for retraction and payment of $10,000,000. Thus, Defendant's counsel was certainly justified in utilizing this address for service of pleadings.[1]

Under the facts presented, the Court evaluates whether the Plaintiff's attorney's conduct was excusable in light of the following factors: (1) the danger of prejudice to the Defendant; (2) the length of delay and its effect on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the Plaintiff; and (4) whether the Plaintiff acted in good faith. *Pioneer Investment Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993). Under this analysis, the Plaintiff is responsible for the acts and omissions of his attorney. *Id.* at 396-97. While the first two factors favor the Plaintiff, the last two do not. The reason given for the Plaintiff's failure to respond to the Defendant's motion to dismiss (*i.e.*, failure of counsel to check mail at an address he provided) does not constitute *excusable* neglect. *Latimore v. McFaul*, 1992 U.S. App. LEXIS 34836 (6th Cir. 1992); *Feeney v. AT&E, Inc.*, 472 F.3d 560, 563 (8th Cir. 2006); *In re Ericson*, 175 Fed. Appx. 58, 60 (7th Cir. 2006); and *Gibbs v. Air Canada*, 810 F.2d 1529, 1537 (11th Cir. 1987). In short, the reason given was not outside the control of

---

[1] As the Defendant points out, it is also noteworthy that the Plaintiff's attorney does not contend that he did not *receive* any filings at the post office address he provided. Instead, he asserts that he simply *neglected to check* this post office box on a regular basis.

Plaintiff's counsel. And the Court concludes that his actions were not taken in good faith.[2] On balance, the Court concludes that the equities do not favor the Plaintiff.

The Plaintiff addressed the central jurisdictional issue for the first time in his reply brief. [Record No. 11, pp. 4-8] However, *even if* he had (i) properly moved to amend his Complaint and (ii) made a timely argument regarding jurisdiction in his initial motion for relief, the relief sought would be futile. After again reviewing the issue raised in SPLC's motion to dismiss, the Court concludes that SPLC has insufficient contacts with Kentucky to justify the exercise of long-arm jurisdiction. While the Plaintiff failed to address this matter in a timely manner, the Court fully evaluated the issue in its September 10, 2009, Memorandum Opinion and Order. The Plaintiff's eleventh hour arguments do not alter the Court's earlier analysis.

## II.

The Plaintiff has failed to demonstrate excusable neglect which would support relief from the Memorandum Opinion and Order entered September 10, 2009. Accordingly, it is hereby

**ORDERED** that the Plaintiff's motion for relief [Record No. 7] is **DENIED**.

This 20th day of January, 2010.



Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

[2] The Plaintiff argues in his reply memorandum that the Court should grant leave to amended his Complaint under Rule 15 of the Federal Rules of Civil Procedure. [Record No. 11] However, there is no pending motion seeking leave to amend.